R. Bradford Fawley (bfawley@drm.com)
(SDNY Bar # RF1954)
DOWNS, RACHLIN & MARTIN PLLC
28 Vernon Street, Suite 501
Brattleboro, VT 05301-3668
Phone: 802-258-3070

Richard S. Luskin (luskin.rick@gmail.com)
Pro Hac Vice Application to Be Submitted
Cal. Lic.#27733; Utah Lic. #3026
PO Box 1966
Park City, Utah 84060
Phone: 310-463-6614

Attorneys for Plaintiff, Hemant Sachdev

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Hemant Sachdev, | ) | |
| | ) | Civil Action No. _____ |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR VIOLATIONS |
| | ) | OF 18 U.S.C. § 1030; |
| | ) | CIVIL HARASSMENT; |
| | ) | TRESPASS TO CHATTELS; AND |
| | ) | INTENTIONAL INTERFERENCE |
| | ) | WITH CONTRACTUAL |
| | ) | RELATIONS |
| v. | ) | |
| | ) | |
| Dr. Rina Singh, | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| Defendant. | ) | |

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff, Hemant Sachdev, by his attorneys, Downs Rachlin Martin PLLC and

Richard S. Luskin, for his Verified Complaint against Defendant Dr. Rina Singh ("Dr.

Singh"), alleges as follows:

## NATURE OF ACTION

1.      This is an action seeking damages and injunctive relief against Defendant for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; civil harassment; the tort of trespass to chattels; and intentional interference with contractual relations.

## PARTIES

2.      Plaintiff Hemant Sachdev is a Non Resident Indian presently residing in Dubai, UAE and who conducts frequent business in the U.S. as well as worldwide.

3.      Defendant Dr. Rina Singh is a U.S. citizen currently residing in Manhattan, New York.

## JURISDICTION AND VENUE

4.      There is complete diversity of citizenship between the parties.

5.      The amount in controversy exceeds the jurisdictional minimum of this Court.

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity); and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

7.      This Court has personal jurisdiction over Dr. Singh because Dr. Singh is a resident of this State and, on information and belief, engaged in some or all of the actions alleged below in this State.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Dr. Singh is subject to personal jurisdiction in this District, and Dr. Singh's transactions in this District constitute a substantial part of the events giving rise to Plaintiff's complaint.

## FACTS
### The Divorce

9.      The present dispute arises out of matrimonial disharmony between Plaintiff and Dr. Singh.

10.     Plaintiff and Dr. Singh were married on January 24, 2007 and separated on November 4, 2010.

11.     Following the separation of Plaintiff and Dr. Singh, Plaintiff filed for a Petition for Dissolution of Marriage under the Hindu Marriage Act in India on grounds of cruelty and desertion.

12.     Dr. Singh filed an application under Section 24 of the Hindu Marriage Act

pursuant to the Divorce Petition, *inter alia*, praying for maintenance.

13.     In India, a wife who is well qualified and capable of earning is not entitled to maintenance.

14.     Dr. Singh has an undergraduate degree from Princeton University and a doctorate degree from the University of Oxford in Economics and has lived and worked professionally in such jobs as a credit analyst with Credit Suisse in New York and has worked in similar positions in the United Kingdom.

15.     Dr. Singh is qualified and capable of earning.

16.     On information and belief, frustrated with the prospect that no maintenance will be required to be paid by Plaintiff pursuant to Dr. Singh's application for maintenance, Dr. Singh has carried out, continues to carry out and, on information and belief, will continue to carry out a personal vendetta to blackmail, harass and harm the Plaintiff and the businesses of Plaintiff and/or with the objective of extorting money from Plaintiff as further alleged herein.

<u>Defendant's Harassment of Plaintiff's Family</u>

17.     Plaintiff's family is a prominent Indian family and his sister, Geetika, is married to the son of the former Deputy Prime Minister of India.

18.     In accord with Dr. Singh's vendetta against Plaintiff, Dr. Singh filed a criminal case in India against the Plaintiff that additionally named Plaintiff's family members.

19.     After investigation, the Indian Police concluded that the complaint filed by Dr. Singh was false and did not give rise to any criminal offense.  In particular, the authorities noted that Plaintiff's family was wrongfully included.

20.     After learning of the investigation report of the Police, Dr. Singh approached the Indian Court of Ld. Metropolitan Magistrate by Application requesting that the Police further investigate the matter.

21.     After review, the Ld. Metropolitan Magistrate dismissed Dr. Singh's application.

22.     Dr. Singh also filed a complaint in 2013 with the Crime Against Women Division (the "Division") under the Protection of Women Against Domestic Violence Act, 2005.

23.     The Division did not pursue the matter on the basis that the complaint had no merit.   In particular, Dr. Singh named Plaintiff's family members in the complaint as collaborators.

24.     The Division immediately dismissed all named family members of Plaintiff as unnecessary to the proceedings, finding the complaint non meritorious.

25.     Dr. Singh sought a reconsideration of the Division's decision by the Metropolitan Magistrate Court, which affirmed that Dr. Singh's complaint had no basis.

26.     On information and belief, Dr. Singh included Plaintiff's family members in the aforementioned  complaints to harass and damage the reputations of Plaintiff's family and impair Plaintiff's relationship with his family.

<u>The First Incident of Attempted Hacking
of Plaintiff's AOL Email Account at hsachdev@aol.com</u>

27.     On or about June 21, 2011, Plaintiff received several emails sent to the AOL email account he was then using, hsachdev@aol.com, from a person who referred to himself as "Cr1m1nal Hack3r" and included as the subject heading "Some one want to hire us to hack you".

28.     The first email is attached hereto as Exhibit A and states in pertinent part:

*"Hi, I am hacker by profession makes my living working for detective agencies and some personal contacts who bring me clients so i can hack the particular target and get paid.  Few days back i was contacted by one of my personal agents who bring me clients and the Target was you . The client was ready to pay ransom amount of RS 10 lakhs and 1/2 in advance ..  To be frank the money is too tempting , it will solve some of financial debts and probs but i follow some rules and ethics and thats the reason i am contacting and warning you in advance to stay safe. I only work for the good side no matter what the pay is will never hurt a innocent so i rejected the offer. Its confirmed today they hired a corporate detective agency too and they are tracking your every move. I know you will not believe me  just read below may be that will change your mind.*

*Operating system in use :*
*Mac OS X 10.6.7*

*Other Hand held devices you use :*
*New Ipad*
*Iphone 4*
*Blackberry*
*Upgraded Nokia*

*You have two court cases pending in Delhi ( i guess this is the motto not sure)*
*Your dogs names Ginger, Lilo*

*Your Fav spot to stay : Aman resorts , hmm seems u love Lodhi suit, Lodhi pool suit and sometimes Aman suit*

*They also know about your weak links of Ms. Ameera Shah Patel, Gautham Khaitan, (Call them don't email Ameera and Gautham as i am not sure if they have been hacked already as they r in the target list of emails too ) and ofcourse your UBS banker Bernhard ( hmm your swiss bank account can be a motto too , not sure as unauthorized money transfer can be tracked and traced )*

*if you want to digg deeper and know who is behind this my hand is always there to make a deal .. They have too much info about you Hemanth... stay safe..*

*Respects,*
*Cr1m1nal."*

29.     Plaintiff received two other similar emails from the same sender at the

<u>hsachdev@aol.com</u> AOL address and on the AOL account he was currently using.

Besides Plaintiff, only Dr. Singh could know some of the personal and business

information included in the subject emails.

30.     At the time he was receiving messages from "Cr1m1nal Hack3r," Plaintiff maintained a private electronic account with the Internet service provider AOL, specifically an email account with www.aol.com.  He was the sole authorized user of that Internet Account.  He maintained his passwords as private, and did not knowingly provide Dr. Singh or any other third party with the means to access the AOL account. Specifically, Plaintiff never provided the AOL password for his AOL account to Dr. Singh, nor did he authorize her to obtain and/or utilize the same.

31.     Also at this time, Plaintiff maintained information electronically in various protected computers, specifically through the Internet service provider of his www.aol.com email account.  Plaintiff accessed these protected computers for both interstate and international business and personal business from wherever he traveled in the world, including New York; however, some of these computers were located outside of New York and the information contained therein traveled across both state and international lines.

32.     On information and belief, Dr. Singh hired a "hacker" to extort money from Plaintiff on behalf of Dr. Singh through the threat of hacking and/or to threaten and harass Plaintiff.

33.     Following receipt of the aforementioned emails from the professional "hacker," Plaintiff refrained from using the hsachdev@aol.com address and associated AOL account and has used it only very rarely since learning of the 2011 hacking.

34.     Plaintiff also retained a computer expert to investigate any attempts to hack his computer.

35.     Plaintiff's computer expert identified thousands of attempted hacks into Plaintiff's computer prior to June 21, 2011.

36.     Exhibit B attached hereto documents over 200 attempts to hack into Plaintiff's computer at the hsachdev@aol.com address and on that AOL account.  These attempts are consistent with the representations of "Cr1m1nal Hack3r" dated June 21, 2011, as shown in attached Exhibit A.

<u>The First Discovered Incident of Successful Hacking Into</u>
<u>Plaintiff's AOL Email Account at hsachdev@aol.com</u>

37.     In 2013, Dr. Singh filed a document with the Indian court in connection with her Petition For Divorce, specifically an email obtained from Plaintiff's AOL computer account located at hsachdev@aol.com and containing a photograph of Plaintiff and a woman.  The photograph was attached to Plaintiff's hsachdev@aol.com AOL account in an email dated November 19, 2010.  The document, attached hereto as Exhibit C, was filed in support of Dr. Singh's claim of infidelity related to the Divorce Proceeding.

38.     Plaintiff first received a copy of this filing from the Indian Court after October 1, 2013, at which time Plaintiff first reasonably became aware that Dr. Singh had actually succeeded in her attempts to invade Plaintiff's computer through the hsachdev@aol.com address on his AOL account.

39.     On information and belief, Dr. Singh obtained the aforementioned photograph by invading and hacking Plaintiff's hsachdev@aol.com email account with AOL through his and/or AOL's protected computers, which Plaintiff uses for both business and personal reasons.

40.     On information and belief, through the hacking that allowed her access to the email attached as Exhibit C, Dr. Singh obtained access to Plaintiff's electronic communications while in electronic storage, as well as other personal and identifying information about Plaintiff.

<u>Invasion of the Attorney-Client Privilege By Hacking</u>
<u>Into Plaintiff's New Email Account, HS@difze.com</u>

41.      In 2015, Plaintiff maintained a private electronic business account with an Internet service provider, "www.difze.com," which is a business account associated with his company Denali International Free Zone Enterprise.  Plaintiff was the sole authorized user of that Internet Account.  He maintained his passwords as private, and did not knowingly provide Dr. Singh or any other third party with the means to access the account.  Specifically, Plaintiff never provided the password for his www.difze.com business account to Dr. Singh, nor did he authorize her to obtain and/or utilize the same.

42.      In 2015, Plaintiff maintained information electronically in various protected computers, specifically through the Internet service provider of his www.difze.com business email account.  Plaintiff accessed these protected computers for both interstate and international business and personal business from wherever he traveled in the world.  These computers were located outside of New York and the information contained therein traveled across both state and international lines.

43.      As of May 25, 2015, Plaintiff was not using an email address associated with AOL but rather used the email account HS@difze.com through his specifically-created business server.

44.      In August 2015, Dr. Singh filed with the court of India a scanned copy of a privileged attorney-client engagement letter dated May 25, 2015 between Plaintiff and his legal counsel with respect to Plaintiff's actions to become a resident of Malta.  The letter is attached as Exhibit D to this Complaint.

45.      Dr. Singh filed attached Exhibit D with the court of India claiming "That the applicant has information that the non-applicant intends to avoid his obligation to pay

maintenance to the applicant and towards this end has applied for a grant of citizenship to Malta."

46. Only one copy of the privileged engagement letter was emailed from Plaintiff's legal counsel to Plaintiff at his HS@difze.com email address, and Plaintiff did not share that letter with anyone but his counsel.

47. On information and belief, Dr. Singh could only have obtained the privileged engagement letter by invading and hacking his and/or the www.difze.com protected computers and his www.difze.com business Email account after the May 25, 2015 origination date of the privileged letter.

48. After learning of the hacking of his www.difze.com Internet account and his protected computers, Plaintiff immediately changed his password for that account in order to protect his electronic information from further hacking. Plaintiff did not change his business email because to do so would have caused severe business interruption with his customers.

<u>Defendant's Recent Interference With Plaintiff's Business and Personal Relationships</u>

49.     On or about August 2015, Dr. Singh sent an email to Bernhard Welten, Plaintiff's attorney (copy attached hereto as Exhibit E) seeking information about Plaintiff's assets and threatening a subpoena if Plaintiff's attorney did not comply.

50.     The information demanded by Dr. Singh in attached Exhibit E includes requests for Plaintiff's financial assets and business dealings, including with officers and directors of several of the businesses with which Plaintiff is affiliated and with Plaintiff's friends including Beat Muller, a director of Koflach AG.

51.     Koflach AG is a company with which Plaintiff does business.

52.     Defendant's letter infers the threat that a non-response by the recipient could result in the imposition of civil and criminal penalties on them and that a subpoena could issue for the information requested.

53.     The threats were without basis in fact or law since Defendant had no such authority to make such threatening statements nor is any authority provided under any law in India or the U.S. for such assertions.

54.     Attached Exhibit E and its outfall have created complications with respect to Plaintiff's business and personal associations, which in turn has caused him to suffer damages.

55.     On information and belief, Defendant's primary motivation behind sending attached Exhibit E was to embarrass and harass Plaintiff by putting into question his bona fides with business and personal associates.

Defendant's Direct Communications With Plaintiff's Business Associates

56.     On or about August 27, 2015, Dr. Singh wrote an email with attachments to a business partner of Plaintiff, Vipul Garg (copy attached as Exhibit F).  Both Plaintiff and Mr. Garg collaborate on investments, one of which includes the operation of GD Goenka school, a K-12 school of approximately 1,800 students located in Greater New Delhi, India.

57.     Dr. Singh's email to Mr. Garg contains an attachment that requests responses to various questions and infers the threat that a non-response from Mr. Garg could result in the imposition of civil and criminal penalties on him and that a subpoena could issue for the information requested.

58.     The threats were without basis in fact or law since Defendant had no such authority to make such threatening statements nor is any authority provided under any law in India or the U.S. for such assertions

59.     The questions included in Dr. Singh's email seek responses containing private business information.

60.     Exhibit F caused Mr. Garg to question his business relations with Plaintiff and has disrupted business relations between Mr. Garg and Plaintiff.

61.     On information and belief, Defendant's primary motivation behind sending attached Exhibit F was to embarrass and harass Plaintiff by putting into question his bona fides with business and personal associates.

<u>COUNT I</u>
(18 U.S.C. § 1030, Violation of Computer Fraud and Abuse Act)

62.     Plaintiff  repeats and realleges each and every allegation contained in Paragraphs 1 through 61 of this Complaint as if set forth in full herein.

63.     Plaintiff's computers and computer equipment used by Plaintiff through his Internet service providers www.aol.com and  www.difze.com are "protected computers" pursuant to 18 U.S.C. §§ 1030 (e)(1) and (e)(2)(B), because they are used in or affect interstate or foreign commerce or communications.

64.     By her actions, Dr. Singh violated 18 U.S.C. § 1030(a)(2)(C) by intentionally accessing Plaintiff's protected computers without and/or in excess of any authorization and thereby obtaining Plaintiff's confidential and proprietary information.

65.     By her actions, Dr. Singh violated 18 U.S.C. § 1030(a)(4) by knowingly, and with intent to defraud Plaintiff, accessing Plaintiff's protected computers without and/or in excess of any authorization and thereby furthering the intended fraud and wrongfully obtaining and misappropriating Plaintiff's confidential and proprietary information and then attempting to extort money from Plaintiff through her agent, "Cr1m1nal Hack3r."

66.     By her actions, Dr. Singh violated 18 U.S.C. § 1030(a)(5)(B) by intentionally accessing Plaintiff's protected computers without authorization and, as a result of such conduct, recklessly causing damage by, *inter alia*, taking Plaintiff's data and files and effectively denying him access to his electronic accounts by causing him necessarily to cancel or suspend the use of such accounts.

67.     By her actions, Dr. Singh violated 18 U.S.C. § 1030(a)(5)(C) by intentionally accessing Plaintiff's protected computers without authorization and, as a

result of such conduct, causing damage and loss by, *inter alia*, taking Plaintiff's data and files and by causing Plaintiff to incur costs to respond to Dr. Singh's actions, assess damage, and protect his data.

68.     Dr. Singh's intentional violations of 18 U.S.C. § 1030 have caused Plaintiff to suffer damage and loss, as defined in 18 U.S.C. §§ 1030(e)(8) and (11), including but not limited to (a) the impairment of Plaintiff's files and data; (b) costs incurred in responding to Dr. Singh's improper conduct; (c) costs incurred in assessing damage; (d) and costs incurred in attempting to protect files and data; and (e) costs incurred in attempting to repair business relations that were damaged by her actions.

69.     Plaintiff's losses and damages caused by Dr. Singh's violations of 18 U.S.C. § 1030 during a one-year period preceding the filing of this Complaint have amounted to well over $5,000 in value.

70.     Plaintiff has been and continues to be damaged as a direct and proximate result of these actions by Dr. Singh, and is therefore entitled to damages, injunctive relief, and other equitable relief as provided by 18 U.S.C. § 1030(g).

71.     As a direct and proximate result of the actions of Dr. Singh, Plaintiff has suffered financial damages as well as substantial and enduring emotional distress in a sum within the jurisdiction of this Court and to be shown according to proof.

## COUNT II
(Civil Harassment)

72.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 71 of this Complaint as if set forth in full herein.

73.     On information and belief, Dr. Singh has intentionally pursued a course of conduct for harassing, stalking, and destroying Plaintiff's peace.

74.     As a direct and proximate result of the actions of Dr. Singh, Plaintiff has suffered financial damages as well as substantial and enduring emotional distress in a sum within the jurisdiction of this Court and to be shown according to proof.

## COUNT III
(Trespass to Chattels)

75.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 74 of this Complaint as if set forth in full herein.

76.     Plaintiff has personal property rights in his information, i.e., in the electronic messages, contact lists, documents and other materials contained in his Internet accounts, which were stored on AOL and Difze's physical computer servers.

77.     Dr. Singh intentionally, and without justification or consent, interfered with Plaintiff's enjoyment of his information by accessing his Internet accounts without authorization and then effectively denying him access to those Internet accounts and the information contained therein by causing him necessarily to cancel and/or cease use of and/or transfer data from the accounts.

78.     Dr. Singh's actions have deprived Plaintiff of his use of his Internet accounts for substantial periods of time.

79.     Plaintiff has been seriously damaged as a direct and proximate cause of Dr. Singh's actions.

## COUNT IV
(Intentional Interference With Actual and Prospective Contractual Relations)

80.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through79 of this Complaint as if set forth in full herein.

81.     Defendant has intentionally and improperly interfered with actual and prospective contractual relations between Plaintiff and his customers and business associates by threatening his customers and business associates with unfounded legal or other actions and passively aggressively and/or otherwise suggesting that by doing business with Plaintiff, they may run afoul of certain tax and trade rules and business laws and regulations.

82.     The intentional and improper interference by Defendant with Plaintiff's actual and prospective contractual relations has caused damage to Plaintiff by preventing him from obtaining business, revenues and profits, and depriving him of resources and damaging future business relations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1)      Enter judgment for Plaintiff on each of his claims;

2)      Award Plaintiff compensatory, consequential and incidental damages;

3)      Award Plaintiff punitive or exemplary damages;

4)      Issue an injunction requiring Defendant to return all of Plaintiff's confidential and proprietary personal and business information obtained by hacking;

5)      Issue an injunction ex parte allowing Plaintiff to seize Defendant's computing devices and cell phone through the employment of U.S. Marshalls for the purpose of preserving electronic evidence in them that otherwise may be compromised or deleted by Defendant were she to receive advanced notice of such an order;

6)      Issue an injunction prohibiting Defendant from further hacking of Plaintiff's computing devices;

7)      Issue an injunction prohibiting Defendant from further contacts with any business associate or family member or friend of the Plaintiff unless made through her counsel and only to counsel of such entities;

19

8)    Award Plaintiff interest, costs and attorney's fees; and

9)    For such further relief as the court may deem just and proper

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff demands trial by jury.


### PLAINTIFF'S VERIFICATION

I declare under penalty of perjury that the allegations of fact made in this complaint, including references to all attachments, are true and correct to the best of my knowledge.

Executed on: __6 September 2015__     _____
             Date                                Plaintiff – Hemant Sachdev


Dated at Brattleboro, Vermont this 6th day of September, 2015.


                              DOWNS RACHLIN MARTIN PLLC

                              _____

                              R. Bradford Fawley
                              (SDNY Bar # RF1954)
                              28 Vernon Street, Suite 501
                              Brattleboro, VT 05301-3668
                              Phone: 802.258.3070
                              bfawley@drm.com


                              and

                              Richard S. Luskin
                              (luskin.rick@gmail.com)

Pro Hac Vice Application to Be
Submitted
Cal. Lic.#27733; Utah Lic. #3026
PO Box 1966
Park City, Utah 84060
Phone: 310-463-6614

ATTORNEYS FOR PLAINTIFF

16172818.3