R. Bradford Fawley (bfawley@drm.com)
(SDNY Bar # RF1954)
DOWNS RACHLIN MARTIN PLLC
28 Vernon Street, Suite 501
Brattleboro, VT 05301-3668
Phone: 802-258-3070

Richard S. Luskin (luskin.rick@gmail.com)
Admitted Pro Hac Vice
PO Box 1966
Park City, Utah 84060
Phone: 310-463-6614

Attorneys for Plaintiff, Hemant Sachdev

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Hemant Sachdev, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-cv-7114 (AJP) |
| | ) | |
| Dr. Rina Singh, | ) | |
|     Defendant. | ) | |

## PLAINTIFF'S OBJECTION AND RESPONSE TO DEFENDANT'S RULE 56.1 STATEMENT

Defendant's Rule 56.1 response (Doc. 160-1) to Plaintiff's Statement of Undisputed Material Facts ("Plaintiff's Statement") (Doc. 131) is largely non-compliant with Local Rule 56.1 and Fed. R. Civ. P. 56.  Therefore, Plaintiff objects to it.  Further, while Defendant has submitted her own "Statement in Opposition to Plaintiff's Motion for Summary Judgment" (Doc. 160-1, pp.19-26), it too is non-compliant with L.R. 56.1 and Fed. R. Civ. P. 56 because it alleges multiple facts that are a) immaterial to Plaintiff's Motion for Summary Judgment and/or are b) unsupported by citations to evidence.

I.      DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED
        MATERIAL FACTS IS NON-COMPLIANT WITH THE RULES AND SHOULD BE
        CONSTRUED AS AN ADMISSION THERE ARE NO MATERIAL FACTS IN
        DISPUTE

        Defendant fails to squarely address the facts presented in Plaintiff's Statement by either:

(1)  disputing or attempting to dispute certain of the facts in Plaintiff's numbered paragraph but

just ignoring others; (2)  failing to cite to admissible evidence in support of facts she contends

establish a genuine dispute; (3)  citing to inadmissible evidence; or (4) a combination of two or

more of the above.  As such, the Defendant's Rule 56.1 Statement is non-compliant and should

be deemed to constitute an admission that there are no valid disputes over the material facts

asserted by Plaintiff.  "If a party fails to properly support an assertion of fact or fails to properly

address another party's assertion of fact as required by Rule 56(c), the court may: . . . (2)

consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2).

        When facing summary judgment, "[t]he time has come. . . 'to put up or shut up.'"

Weinstock v. Columbia Univ. 224 F. 3d 33, 41 (2d Cir. 2000).  This, Ms. Singh has utterly failed

to do.  Instead she has submitted a mass of immaterial information aimed at diverting the Court

from the narrow summary judgment issue and its supporting and unrefuted material facts.

        A.      In Multiple Instances, Defendant Simply Fails To Cite To Any Supporting
                Evidence

        Pursuant to Local Rule 56.1(d), "each statement by the movant or opponent pursuant to

Rule 56.1(a) and (b), including each statement controverting any statement of material fact, *must

be followed by citation to evidence which would be admissible, set forth as required by Fed. R.

Civ. P. 56(c).*" (Emphasis added).  Defendant's responses to the following paragraphs of

Plaintiff's Rule 56.1 Statement which purport to dispute some of Plaintiff's assertions of fact are

not followed by any citation to evidence and, as such, Plaintiff's statements of fact should be deemed admitted.  Fed. R. Civ. P. 56(e)(2).

Paragraphs 2, 3, 7, 13, 28, 40, 41, 42.

B.  Defendant Relies On Inadmissible Evidence In An Effort To Dispute Some Facts And/Or Simply Ignores Facts Altogether

The following paragraphs in Plaintiff's Statement are disputed by Defendant with citations to evidence, but the evidence is not admissible and/or not responsive to some or all of the facts in the paragraph:

Paragraph 4[1] - Defendant cites to inadmissible hearsay testimony of Abhijeet Singh ("Abhijeet Singh told her . . .", "He said to me . . .", "Yes, that's what he said.")

Paragraph 5 – cites to inadmissible hearsay testimony of Abhijeet Singh.

Paragraph 6 - cites to inadmissible hearsay testimony of Abhijeet Singh and unauthenticated and, thus, inadmissible emails from a Bernhard Welten.  Further, the Defendant's claim that Mr. Sachdev admitted Abhijeet Singh was the legal owner of "certain" of his companies" is wholly non-responsive to the issue asserted in Plaintiff's Statement of whether Abhijeet Singh had access or authorization to *Plaintiff's* computer.  As such, Defendant side-stepped, diverted attention from and failed to respond to Paragraph 6.

Paragraph 12 – Defendant's wholesale denial of access to Plaintiff's computer is unresponsive to the Plaintiff's assertion that, but for such access, the Key Words would not be placed in Defendant's computer dictionary at the same time.  Defendant offers no evidence of any alternate reason for the existence of the Key Words in her computer's dictionary.

---

[1] Defendant's claim that Sachdev failed to define the "Sachdev Materials" is refuted by Plaintiff's Rule 56.1 paragraph 3 which does so.

Paragraph 14 – First, having not been disclosed in discovery as required by the Court's Scheduling Order and the Federal Rules, Mr. Forames' opinions and the bases for them should be considered inadmissible evidence. Plaintiff failed to disclose Mr. Forames' opinions for trial, the basis for those opinions, the facts he relied on, his qualifications, his published works and all matters in which he has testified in the past 4 years and his compensation pursuant to Fed. R. Civ. P. 26(a)(2). Such disclosures are and were "required." Id. at 26(a) and the Scheduling Order (Doc. 74, ¶1 setting date for expert disclosures) Mr. Forames should not be permitted to testify at trial, regardless of whatever his opinions are, because his full disclosure was never made. Fed. R. Civ. P. 37(c). Further, the Forames affidavit does not contradict anything stated by Mr. Cantwell. It simply says "I disagree with a number of Mr. Cantwell's statements and I believe that he misconstrued my own report, dated July 15, 2016." Doc. 160-8, p. 3. Without more specificity, one cannot discern whether Mr. Forames disagrees with Mr. Cantwell's recitation of facts, bases for opinions or opinions themselves or any of the multiple statements made by Mr. Cantwell in deposition and, if so, which ones. This type of broadbrush attempt to put issues of material fact into dispute does not come close to satisfying L.R. 56.1.

Paragraph 17 – The Defendant's claim that Mr. Sachdev testified that Abhijeet Singh was the legal beneficial owner of "certain" of his companies" side-steps and is wholly non-responsive to the issue presented in Paragraph 17 as to whether Abhijeet Singh had access to or authorization to access *Plaintiff's* computer.

Paragraph 18 – The "Beneficial Owner" emails relied on by Plaintiff are not authenticated by any witness and, therefore, not admissible evidence. Whether Abhijeet Singh was the legal owner of "certain" of Mr. Sachdev's companies is wholly unresponsive to the issue

4

presented in Paragraph 18 as to whether Abhijeet Singh had access to or authorization to access *Plaintiff's* computer.  In short, Defendant failed to respond to Paragraph 18.

Paragraph 19 – Defendant's knowledge of Abhijeet Singh's motivation to do anything is based only on Ms. Singh's inadmissible hearsay recitation of what Abhijeet Singh allegedly told her about his motivation.

Paragraph 21 – the "Sachdev Materials" are defined in Plaintiff's Rule 56.1 Statement at paragraph 3 and, in Plaintiff's Statement Paragraph 20, Defendant readily admitted she supplied the defined "Black Diamond Documents" to Black Diamond.  By concocting a nearly full page convoluted response to the single sentence assertion of fact in Paragraph 21, Defendant has not responded to the assertion of undisputed fact.

Paragraph 25 – Defendant's response is unresponsive to most of the stated facts in Paragraph 25, including the key fact that Mr. Leonard did not deliver the packages in issue to Ms. Singh until May, 2016.

Paragraph 26 – Defendant's denial is selectively misleading in order to avoid confronting the issue posed.  After confirming with his wife and refreshing his recollection, Mr. Leonard unequivocally testified he delivered the documents to Ms. Singh "Certainly in 2016."  Defs. Exh. 7, p. 29, line 3 to p. 32, line 4.

Paragraph 33 – Plaintiff cited to the entire Leonard Deposition because, taken in its entirety, it establishes that any documents received by Mr. Leonard were delivered to Ms. Singh in 2016.  It is undisputed that Ms. Singh used documents purportedly sent to her by Abhijeet Singh in 2015.  The combination of those two indisputable facts establish that Ms. Singh did not receive the Black Diamond documents used in 2015 from Abhijeet Singh, as she claims.  In response, Defendant has only stated the immaterial fact that "the term 'Black Diamond' does not

appear anywhere in the Leonard Deposition," Therefore, Defendant has deliberately avoided squarely responding to the assertion of fact and, thus, failed to contravene Paragraph 33 with admissible evidence.

Paragraph 34 – As outlined above, having not been disclosed as a testifying expert, Mr. Forames should not be permitted to testify at trial and thus, his testimony is inadmissible.  Even if he is permitted testify over objection from Plaintiff, his inability to locate the log file on Ms. Singh's computer and thus pinpoint the time of wiping, does not put into issue Mr. Cantwell's opinion which relies on other evidence than the log file to conclude that the file was wiped "very shortly before or on March 14, 2016."  The inability for Mr. Forames to render an opinion is not congruent with offering a conflicting opinion. As such, Defendant has simply sidestepped the assertions of Paragraph 34 rather than provide admissible evidence to put them into contention for trial.

Paragraph 43 – The evidence cited by Defendant does not establish which business Abhijeet Singh allegedly owned or when he owned them and, as noted previously, the "Beneficial Owner Emails" are inadmissible as unauthenticated by affidavit or otherwise. Defendant has failed to put into issue any of the facts in Paragraph 43.

C.      In Non-Compliance With The Rules, Defendant Failed To Squarely Admit Facts And Instead Only Admitted That Evidence Was Received

Rather than squarely admit or deny the facts set forth in Plaintiff's Statement as required by Fed. R. Civ. P. 56 and L.R. 56.1, Defendant often only admits that evidence was received that concerns the asserted fact – i.e. "Undisputed that Sachdev, in a declaration prepared for the motion, stated that . . . " (Defs. Response to Paragraph 21) and "Undisputed that Singh testified to this in her deposition."  (Defs. Response to Paragraphs 22-24).  See Defendant's response to

Plaintiff's Statement Paragraphs 2, 3, 7, 8, 9, 10, 11, 12, 15, 16, 17,18, 19, 21, 22, 23, 24, 29, 45, 55, and 56.

This is yet another instance of avoiding compliance with the summary judgment Rules that are designed to pinpoint and flush out whether or not there are triable issues.  An admission that there is evidence concerning an asserted fact is not the same as admitting there is no dispute over the fact.  Defendant's Rule 56.1 response in non-compliant because it plays word games in order to avoid conceding she has no admissible evidence to put into dispute the key facts that compel summary judgment for Plaintiff.

II.    DEFENDANT'S OWN STATEMENT IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT CITES TO IMMATERIAL FACTS AND/OR NON-ADMISSIBLE EVIDENCE

As noted below in Plaintiff's responses, Defendant's own "Statement in Opposition to Plaintiff's Motion for Summary Judgment" (Doc. 160-1, pp.19-26), sets forth multiple paragraphs containing alleged facts that are immaterial to Plaintiff's Motion for Summary Judgment and/or rely on inadmissible evidence.  The immaterial facts should be disregarded for purposes of deciding the Motion for Summary Judgment, as should those based on inadmissible evidence.

1.    This dispute arose from a still-pending divorce proceeding between Plaintiff Hemant Sachdev and Defendant Rina Singh.  (Sachdev Dep. Tr., 8:5-9:4, Ex. 3.)

**RESPONSE:** Undisputed.

2.    Singh only became aware of Sachdev having people follow her when Abhijeet Singh ("Abhijeet") contacted her in early 2015.  (Singh Dep. Tr., 189:2-19, Ex. 1)

**RESPONSE:** Immaterial to the Summary Judgment Motion.

3.      Singh did not reveal Abhijeet's identity until she was asked under oath about the source of her documents at a conference.  (July 11, 2016, Conference Tr., 4:5-25, Ex. 4)

**RESPONSE:**  Immaterial to the Summary Judgment Motion.

4.      Abhijeet contacted Singh because he was concerned that Singh was being treated unfairly by Sachdev.  (Singh Dep. Tr., 173:8-24, Ex. 1.)

**RESPONSE:**  Immaterial to the Summary Judgment Motion.

5.      Sachdev transferred ownership of his companies to Abhijeet for tax purposes. (Sachdev Dep. Tr., 339:12-340:6, Ex. 1 ("To be clear, because I want to try to do it and we can call the judge back, I'm not asking you what your lawyer told you.  I'm asking you about your understanding in your own head in the fall of 2013 as to what the financial benefit was to you of transferring beneficial ownership of these companies to Abhijeet Singh.  A.  There was a financial benefit in terms of structure and that's why we did it.  Q.  What do you mean ty 'structure'?  A.  By terms of tax structure.  Q.  So there was – you believe there was a tax benefit to you of doing this?  A.  Yes").)

**RESPONSE:**  Immaterial to the Summary Judgment Motion as it has nothing to do with whether Abhijeet Singh had authorized access to *Mr. Sachdev's* computer.

6.      Some of the documents given to Singh by Abhijeet were in regards to the investor citizenship program in Malta, which Singh filed in the India Divorce proceeding.  (Singh Dep. Tr., 204:5-19, Ex. 1.)

**RESPONSE:**  Disputed.  Ms. Singh testified that the Sachdev materials, which included the "Malta" documents were provided by Abhijeet Singh through Richard Leonard and she used them in divorce proceedings in India in 2015.  However, Richard Leonard confirmed that he did not deliver any packages to Ms. Singh until May 2016. See Leonard Tr., Doc. 160-9, at p. 28 line

3 – p. 32 line 17, p. 34 line 7 – p. 35 line 23.  Further, even if Ms. Singh did get documents from Abhijeet Singh, that does not establish a defense against her violation of the Computer Fraud and Abuse Act.

7.      Singh used the computer in her and Sachdev's marital home to check on Sachdev when he had been away from home for longer than expected.  While using the computer, Singh came across a picture of Sachdev and his mistress.  (Singh Dep. Tr., 124:12-126:6, Ex. 1.)

**RESPONSE:**  Immaterial to the Summary Judgment Motion.

8.      Sachdev filed the instant action after learning that Singh possessed the documents but without any proof that Singh hacked his computer.  (Sachdev Dep. Tr., 42:23-43:23, Ex. 3.)

**RESPONSE:**  Immaterial to the Summary Judgment Motion.

9.      At the initial conference in this action, Judge Caproni stated, "there is no suggestion whatsoever that a nonresponse could trigger imposition of civil or criminal penalties." (Conference Transcript, dated Sept. 11, 2016 (Dkt. No. 67) ("September 11, 2015, Conference Tr."), 8:10-12, Ex. 12.)  She also stated that Singh "has a First Amendment right to write letters." (*Id*. At 7:8-9.)

**RESPONSE:**  Immaterial to the Summary Judgment Motion.

10.     After Singh revealed Abhijeet as the source of the documents, Sachdev's counsel began to focus discovery primarily on obtaining those documents, rather than gathering evidence relevant to its claims in this action.  (Letter Requesting Leave to File Motion for Protective Order, dated August 17, 2016, ("Protective Order Motion") (Dkt. No. 98), 4.)

**RESPONSE:**  Immaterial to the Summary Judgment Motion.

11.     Craig Cantwell did not perform a forensic review on Singh's computer devices or search any of her email accounts.  (Cantwell Report, 2, Ex. 11.)

**RESPONSE:**  Immaterial to the Summary Judgment Motion.

12.     Cantwell's opinion that Singh "deliberately deleted and then zeroed out information from her computer after this litigation commenced" is contradicted by Singh's deposition testimony.  (Cantwell Declaration ¶ 13(m) (Dkt. No. 133); Singh Dep. Tr., 73:16-19.)

**RESPONSE:**  Disputed.  Ms. Singh's blanket denial without supporting or corroborating facts is insufficient to put that issue into contention.  "[S]ummary judgment is proper where there is nothing in the record to support [a non-moving party's] allegations other than [her] own contradictory and incomplete testimony."  Zann Kwan v. The Andalex Grp. LLC, 737 F.3d 834, 843 (2d Cir. 2013)  (quoting Jeffreys v. City of New York, 426 F.3d 549, 555 (2d Cir. 2005)).  Moreover, whether or not Ms. Singh did or did not wipe her file is not dispositive on the Summary Judgment issue of whether she violated the Computer Fraud and Abuse Act.

13.     Singh testified that she did not wipe or zero out her computer after the commencement of this action.  (Singh Dep. Tr., 73:16-19 ("Q:  Did you wipe your computer after Judge Caproni's order was issued September 10, 2015?  A:  No."); 249:15-21 ("Q:  I don't know how to ask it any other way, did you delete information that was on your computer from September 10, 2015 to March 14, 2016 that would end up in the unallocated space?  A:  No."), Ex. 1.)

**RESPONSE:**  Immaterial to the Summary Judgment Motion.  The issue is not whether she wiped her "computer" but rather whether she wiped her "unallocated file."  Ms. Singh has failed to provide evidence by deposition or affidavit explaining how this happened – "I don't know" is all she offered on this particular issue.  Doc. 131-1 at 11, Singh Dep. p. 73, line 24 to p. 74 to line 22.  And, even if her testimony could be construed as such, Ms. Singh's blanket denial without supporting or corroborating facts is insufficient to put that issue into contention.

"[S]ummary judgment is proper where there is nothing in the record to support [a non-moving party's] allegations other than [her] own contradictory and incomplete testimony."  Zann Kwan v. The Andalex Grp. LLC, 737 F.3d 834, 843 (2d Cir. 2013)  (quoting Jeffreys v. City of New York, 426 F.3d 549, 555 (2d Cir. 2005)).  Moreover, whether or not Ms. Singh did or did not wipe her file is not dispositive on the Summary Judgment issue of whether she violated the Computer Fraud and Abuse Act.

14.     Singh testified at her deposition:  "I moved emails from my inbox to be better able to manage my emails.  My inbox became very cluttered so I would move emails that I had no use for to trash.  Over a certain period of time I believe they were deleted automatically by the service provider."  (Singh Dep. Tr., 248:  4-15, Ex. 1.)

**RESPONSE:**  Immaterial to the Summary Judgment Motion.  The issue on Summary Judgment is not whether she deleted emails.  And in any event, Ms. Singh's blanket denial without supporting or corroborating facts is insufficient to put that issue into contention.  See Scott v. Caughlin, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case"). Moreover, whether or not Ms. Singh did or did not delete emails is not dispositive on the Summary Judgment issue of whether she violated the Computer Fraud and Abuse Act.

15.     Singh's testimony that she "stuffed [her] mind with research in technical hacking" was from her reading at her deposition from a diary entry concerned her attempts to prevent hacking on her own computer.  (Singh Dep. Tr., 241:12-25, Ex. 1.)

**RESPONSE:**  Immaterial to the Summary Judgment Motion.

16.     After the sentence regarding "stuff[ing her] mind," the next paragraph of the document begins, "Being hacked meant that husband had also seen the keystrokes of my web searches . . ." (Excerpt of Exhibit RS-22 from the Deposition of Rina Singh, Ex. 13.)

**RESPONSE:**  Immaterial to the Summary Judgment Motion.

17.   Singh's counsel disclosed the existence of John Forames of D4, LLC as Singh's expert in April, 2016.  (April 20, 2016, Conference Tr., 4:7-10, 10:10-12, 17:5-10, Ex. 5 (THE COURT:  Let me just ask you to clarify one thing.  You referred to D4.  They're your expert or plaintiff's?  MR. FERRI:  No.  They're ours.  THE COURT:  OK.") ("Mr. FAWLEY:  I'd like to respond to the notion that whatever limited examination is going to be done of Ms. Singh's computer by her own expert . . .") ("THE COURT:  . . . now that both sides have experts there is any chance of you and your experts siting down and dealing with it?).)

**RESPONSE:**  Immaterial to the Summary Judgment Motion.

18.     Singh's counsel offered Plaintiff the opportunity to depose John Forames.  (Email from Matthew W. Schmidt to R. Bradford Fawley, Esq., and Richard Luskin, Esq., dated Aug. 22, 2016, at 6:54 p.m., Ex. 14.)  ("Thank you.  We will want to want to depose Mr. Cantwell, so please let me know his available dates when you have a chance.  If you also wish to depose Mr. Forames, let me know and I'll check his availability.")

**RESPONSE:**  Immaterial to the Summary Judgment Motion, especially since whatever opinions Mr. Forames may have and the bases and facts supporting them were not disclosed in accordance with the Court's Scheduling Order or Fed. R. Civ. P. 26 and therefore should be inadmissible.  Moreover, Mr. Forames has never opined that he does not believe Ms. Singh hacked into Mr. Sachdev's computer which is the issue presented by the Summary Judgment motion.

19.     Sachdev's counsel responded to Singh's counsel's email two days later, but did not ask to depose Forames, and did not ask to depose him later.  (Email from R. Bradford Fawley, Esq., to Matthew W. Schmidt, dated Aug. 24, 2016, at 3:20 p.m., Ex. 15.)  ("I am checking with Craig on his schedule and should be able to get back to you tomorrow with some dates.")

**RESPONSE:**  Immaterial to the Summary Judgment Motion, especially since whatever opinions Mr. Forames may have and the bases and facts supporting them were not disclosed in accordance with the Court's Scheduling Order or Fed. R. Civ. P. 26.  Moreover, Mr. Forames has never opined that he does not believe Ms. Singh hacked into Mr. Sachdev's computer.

20.     Sachdev's expert acknowledged Forames as Singh's expert in his expert report.  (Cantwell Expert Report, 8, Ex. 11 ("First, Dr. Singh's own computer forensic expert D4, LLC [Forames's employer]. . . .").)

**RESPONSE:**  Immaterial to the Summary Judgment Motion, especially since whatever opinions Mr. Forames may have and the bases and facts supporting them were not disclosed in accordance with the Court's Scheduling Order or Fed. R. Civ. P. 26.  Moreover, Mr. Forames has never opined that he does not believe Ms. Singh hacked into Mr. Sachdev's computer.

21.     Singh's counsel reached out Plaintiff's counsel on the day Defendant's counsel filed their notice of appearance to determine if there was any outstanding discovery, including but not limited to expert discovery.  (Email from Matthew W. Schmidt to R. Bradford Fawley, Esq., dated July 11, 2016, 11:47 p.m., Ex. 16.)

**RESPONSE:**  Immaterial to the Summary Judgment Motion, especially since whatever opinions Mr. Forames may have and the bases and facts supporting them were not disclosed in

accordance with the Court's Scheduling Order or Fed. R. Civ. P. 26.  Moreover, Mr. Forames

has never opined that he does not believe Ms. Singh hacked into Mr. Sachdev's computer.

22.    John Forames's report, dated July 15, 2016, states that, "it is not possible to

determine when the unallocated space was zeroed out.  It may or may not have occurred in the

specified time frame."  (Forames Report, Ex. 10, at 6.)

**RESPONSE:**  Undisputed that Mr. Forames was unable to reach an opinion on when the

unallocated space was zeroed out.  However, despite full opportunity Mr. Forames has not

rebutted, challenged or contradicted the later and properly disclosed opinion of Craig Cantwell

on this issue that is based on grounds different than those studied by Mr. Forames.

23.    Richard Leonard testified that he received one or two packages from Fed Ex [sic],

originating from Dubai, for Singh at his address.  (Leonard Dep. Tr., 14:25-15:15, Ex. 7; Singh

Dep. Tr., 17:7-171:9, Ex. 1.)

**RESPONSE:**  Undisputed.

24.    Singh produced in this action a FedEx envelope, dated January 2016, addressed to

Lily Leonard, Richard Leonard's wife, which had a return address in Delaware.  (FedEx

Envelope, dated Jan. 29, 2016, Ex. 17.)

**RESPONSE:**  Undisputed but immaterial.  Further, the photograph of this envelop is

unauthenticated much less supported by any affidavit from Mrs. Lily Leonard, the Delaware

Secretary of State, Mr. Leonard or Ms. Singh.  Thus, it is not admissible evidence.

25.    At Leonard's deposition, the following colloquy took place:

> Q.    I see.  So when did you receive the packages that she was asking you to
> bring in?
> A.    I don't recall, I'm afraid.
> Q.    Okay, was it in 2016?
> A.    No, it was in 2015.
> Q.    So –

> A.    2016?  If it wasn't 2016, it was earlier in the year.
> Q.    Okay, so you're fairly confident that sometimes in 2016 is when you received these packages from the Middle East?
> A.    I would say early 2016.
> Q.    Okay, and then –
> A.    But I won't swear to it, okay.
>         MR. FAWLEY:  I'm just looking for your best recollection.
> A.    Yeah, that's right.

(Leonard Dep. Tr., 26:19-27:12, Ex. 7.)

**RESPONSE:**  Undisputed but immaterial to the issue of when Mr. Leonard *delivered the packages to Ms. Singh* which is the material fact raised in the Summary Judgment Motion.

26.    At Leonard's deposition, the following colloquy took place:

> Q.    Okay, because you got the packages in 2016?
> A.    2016, year.
> Q.    So would you agree with me that Exhibits 2 and 3 don't reflect the packages that you got in 2016?
> A.    They were the same.
> Q.    What do you mean?
> A.    They were the same.
> Q.    They were the same?
> A.    Those were the only two packages that we got, and I was mistaken about the date of delivery.

(Leonard Dep. Tr., 37:21-38:2, 40:11-20, Ex. 7.)

**RESPONSE:**  Undisputed but immaterial to the issue of when Mr. Leonard *delivered the packages to Ms. Singh* which is the material fact raised in the Summary Judgment Motion.

27.    At Leonard's deposition, the following colloquy took place:

> Q.    But listen to me, isn't it possible that there was a shipment to someone else in East Windsor in 2016, and you received a shipment in 2016 as well, of two packages, and those shipments in Exhibit 2 and 3 has nothing to do with what you received?
>         MR. SCHMIDT:  Objection.  Calls for speculation.  You can answer.
> A.    Um, I don't know how to answer that.  Um, she had other friends in Princeton that were her best friends, in Princeton, so I'm going to speculate that these are the only two sets of documents that we received.

> THE WITNESS:  In other words, why would she send something to someone else, besides sending it to us?
>
> A.       I just want to find out, maybe there were four packages that came, two in the United States from Dubai in 2015 and two in 2016, to your wife?
>
> It sounds to me, from your other testimony, that you knew from talking to your wife that the packages definitely arrived in 2016?
>
> > MR. SCHMIDT:  Objection.  Argumentative and misstates the testimony.
> >
> > MR. FAWLEY:  I just want to get to the bottom of it.

(Leonard Dep. Tr., 41:21-43:4, Ex. 7.)

**RESPONSE:**  Undisputed but immaterial to the issue of when Mr. Leonard *delivered the packages to Ms. Singh* which is the material fact raised in the Summary Judgment Motion.

28.    At the Parties' initial appearance in this matter, Judge Caproni requested Sachdev's counsel to "stay in the courtroom and let Dr. Singh leave and get well away from the courtroom" to "keep everybody comfortable."  (September 11, 2015, Conference Tr., 15:25-16:25, Ex. 12.)

**RESPONSE:**  Undisputed but immaterial to the Summary Judgment Motion.

29.    At the Parties' August 19, 2016 conference, the Court stated "Unfortunately, this Court is not the enforcement for unhappy people.  It is a legal action, and what we have here is, was there a Computer Fraud and Abuse Act violation?  The direct evidence is, no, that the information came from another source, who may or may not have been authorized to do what he did.  But I don't see a Computer Fraud and Abuse Act violation."  (Conference Transcript, dated August 19, 2016, 30:4-11, Ex. 18.)

**RESPONSE:**  Undisputed.

Brattleboro, Vermont                      DOWNS RACHLIN MARTIN PLLC
November 16, 2016


                                          /s/ R. Bradford Fawley
                                          R. Bradford Fawley
                                          Merritt S. Schnipper
                                          28 Vernon Street, Suite 501
                                          Brattleboro, VT 05301-3668
                                          Phone: 802.258-3070
                                          bfawley@drm.com

                                          and

                                          Richard S. Luskin (luskin.rick@gmail.com)
                                          Admitted Pro Hac Vice
                                          Cal. Lic. #27733; Utah Lic. #3026
                                          PO Box 1966
                                          Park City, Utah 84060
                                          Phone:310-463-6614

                                          ATTORNEYS FOR PLAINTIFF

17079497.1